Armen Kiramijyan, Esq. (SBN 276723)
Lead Attorney for Plaintiffs
KAASS LAW
313 East Broadway, #944
Glendale, California 91209
Telephone: 310.943.1171
akiramijyan@kaass.com

Hovsep Hovsepyan, Esq. (SBN 308522)
Attorney for Plaintiffs
KAASS LAW
313 East Broadway, #944
Glendale, California 91209
Telephone: 310.943.1171
hhovsepyan@kaass.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENAN LOUIS JOOF, an individual, AKOP SOGOMONYAN, an individual, individually and on behalf of similarly situated California consumers;<br><br>Plaintiffs,<br><br>v.<br><br>EQUIFAX INC., a Georgia corporation;<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION ALLEGATION COMPLAINT**<br>**1. Negligence**<br>**2. Negligent Misrepresentation**<br>**3. Willful Violation of FCRA**<br>**4. Negligent Violation of FCRA**<br>**5. Willful Violation of CCRAA**<br>**6. Negligent Violation of CCRAA**<br><br>**JURY TRIAL DEMANDED** |

Henan Louis Joof and Akop Sogomonyan (collectively "Plaintiffs"), individually and on behalf of a class of all similarly situated consumers in California ("Class") assert the following claims against Equifax Inc. ("Defendant") and in support thereof, state as follows:

## PARTIES

1. Plaintiffs are individual consumers who at all times relevant herein resided in the State of California, County of Los Angeles.

2. Defendant Equifax Inc. is a Georgia corporation, a consumer credit reporting agency who conducts business in United States.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the Class consists of more than 100 members, the amount at issue is more than $5 million exclusive of interest and costs; and minimal diversity exists because at list one Plaintiff is a citizen of a different state than Defendant.

4. Venue is proper under 28 U.S.C. § 1391 because a substantial number of California consumers whose credit and personal information is stored by Defendant live in the County of Los Angeles.

## STATEMENT OF FACTS

5. Defendant is a consumer credit reporting agency considered one of the three biggest credit reporting agencies in the United States.

6. Defendant collects and stores personal and credit information of millions of consumers residing in the United States. The collected and stored information includes consumers' social security information, address, date of birth, and credit card information.

7. Throughout the last years Defendant collected and stored the personal and credit information of Plaintiffs and all the consumers included in the Class.

8. On September 7, 2017, Equifax announced a cybersecurity incident potentially impacting 143 million US residents. From May to July 2017, third parties hacked Defendant's security system and accessed Defendant's database containing protected financial, personal, and credit information of millions of consumers.

9. Defendant, as a credit reporting agency that stores financial, personal, and

credit information of millions of customers, owed a duty to consumers like Plaintiffs to build and maintain a secure network to protect private consumer information from third party unauthorized access.

10. Defendant states in its Privacy Policy that it has reasonable physical, technical and procedural safeguards to protect consumers' personal information.

11. Plaintiffs and the members of the class relied on Defendant's representation that it had reasonable safeguards to protect their private information.

12. Defendant was at all times fully cognizant of its data protection obligations and knew that it had to take affirmative steps to protect consumer private information.

13. However, Defendant's treatment of the consumer private information of consumers like Plaintiffs fell woefully short of its legal duties and obligations. Defendant failed to ensure that access to its data systems was reasonably guarded and failed to maintain security systems to detect and deter the unauthorized access of third parties to consumers' personal and credit information.

14. Defendant knew that its failure to protect the personal and credit information of consumers like Plaintiffs from unauthorized access would create a serious risk of identity theft.

15. Defendant knew and should have known that its security system was inadequate and that a data breach, similar to the one that occurred from May to July 2017, would eventually occur.

16. Defendant could have avoided the data breach occurred from May to July 2017 by enhancing the security of its data system.

17. Defendant continues to breach its legal duties and obligations by creating a website, www.equifaxsecurity2017.com, a website for the purpose of checking whether a consumer's private information was breached in the May to July 2017 breach.

18. The website is a stock installation of WordPress, a content management

system which does not provide enterprise grade security.

19. The website's Transport Layer Security Certificate does not perform proper revocation checks.

20. A user name for administering the website was left in a page hosted to the general public, www.equifaxsecurity2017.com/wp-json/wp/v2/users/. This website was subsequently taken down.

21. Per whois.com, www.equifaxsecurity2017.com was not registered to Equifax.

22. As a result of the data breach occurred from May to July 2017, Plaintiffs had to pay $29.99 to enroll in a credit monitor service for protection from potential identity theft.

23. Defendant breached its duties and obligations by using and deploying Struts, an open source model view controller framework for modern Java web application under the Apache Organization to build Equifax.com and other internal sites and Applications Programing Interfaces.

24. Defendant failed to conduct technical due diligence to ensure that new software including but not limited to Struts, a third party vendor, qualifies for reasonable security practices and standards.

25. Defendant's employees used company emails to create logins for non-company related websites, such as Zoosk.com.

26. Defendant failed to train, require, and administer employees to periodically change login passwords ensuring security of consumer private information.

27. Defendant failed to turn off debugging code while running code in production environment.

28. Defendant failed to encrypt consumer private information, including but not limited to consumer social security numbers.

29. Defendant saved consumer private information in plain text.

30. Defendant failed to store consumer credit card information in a separate and individual server that is not accessible from other drives.

31. Defendant saved consumer credit Card Verification Value in its databases.

32. Defendant failed to monitor database activity preventing breaches from third parties.

## CLASS ACTION ALLEGATIONS

33. Plaintiffs bring this action on behalf of themselves and all other members of the Class, and allege all claims herein on a common, class-wide basis, pursuant to Fed. R. Civ. P. 23.

34. The Class is defined as follows: California consumers whose personal and credit information was collected and stored by Equifax Inc. and who had to pay to enroll in a credit monitoring system because they were subject to a risk of data loss, credit harm and identity theft as a result of the unauthorized access by third parties to Equifax Inc.'s data from May to July 2017.

35. All the Plaintiffs are members of the Class as defined above.

36. Excluded from the class are all attorneys for the Class, officers of Defendant, including officers and members of any entity with an ownership interest in Defendant, any judge who sits on the case, and all jurors and alternate jurors who sit on the case.

37. The exact number of aggrieved consumers in California can be determined based on Defendant's consumer database.

38. The members of the Class are readily ascertainable and Defendant likely has access to addresses and other contact information that may be used for providing to Class members.

39. All the members of the Class have suffered injuries as alleged in the complaint as a result of Defendant's failure to protect the personal and credit information of the members of the Class from unauthorized access by third parties.

40. The class is so numerous that joinder is impracticable. Upon information

and belief, the data breach at issue affected millions of consumers in the State of California.

41. There are substantial questions of law and fact common to the Class that predominate over questions affecting only individual Class members including, but not limited to, the following: whether Defendant owed a duty to the Plaintiffs and the Class to adequately protect their personal and credit information; whether Defendant breached its duty to protect the personal and credit information of the Class by failing to provide adequate security; whether Defendant's conduct or lack thereof was the direct and proximate cause of the breach of its systems which resulted in the loss of millions of consumers' personal and credit information; whether Defendant made a negligent misrepresentation by stating in its Privacy Policy that it had reasonable physical, technical and procedural safeguards to protect consumers' personal information; whether the Plaintiff sand Class members suffered financial injury as a result of Defendant's conduct or lack thereof; whether the Plaintiff and Class members are entitled to recover money damages.

42. Plaintiffs' claims are typical of the claims of the Class. Each member of the class suffered risk of data loss, credit harm and identity theft as a result of Defendant's negligent failure to safeguard their personal and credit information. The injuries of the Plaintiffs and other Class members are identical, and Plaintiffs' claims for relief are based upon the same legal theories as the claims of other Class members.

43. Plaintiffs will fairly and adequately protect and represent the interests of the Class because their claims are typical of the claims of the class, they are represented by locally respected attorneys who have experience handling consumer protection cases, who are qualified and competent, and who will vigorously prosecute this litigation, and their interests are not antagonistic or in conflict with the interest of the Class.

44. A class action is superior to all other available methods for the fair and

efficient adjudication of this lawsuit because individual litigation of the other Class members' claims is economically unfeasible and procedurally impracticable. Litigating the claims of the Class together will prevent varying, inconsistent, or contradictory judgments, and will prevent delay and unnecessary expense to the parties and the courts. A class action will be an efficient method of adjudicating the claims of the Class members who have suffered relatively small damages as a result of the same conduct of Defendant.

## FIRST COUNT

### (Negligence)

45. Plaintiffs incorporate and reallege all allegations set forth in paragraphs 1 to 44.

46. Defendant owed a duty to Plaintiffs and Class members to use and exercise reasonable care to protect their personal, financial, and credit information from an unauthorized access by third parties.

47. Defendant owed a duty to Plaintiffs and Class members to provide security, consistent with industry standards and requirements, to ensure that its systems and network, and the personnel responsible for them, adequately protected the personal and credit information of consumers.

48. Defendant breached the duties owed to Plaintiffs and the Class members by failing to exercise reasonable care and implement and maintain adequate security system sufficient to protect the personal and financial information of consumers.

49. Defendant's breach of the duty owed to Plaintiffs and Class members created a foreseeable risk of data loss, credit harm and identity theft.

50. As a direct and proximate result of Defendant's negligent conduct, Plaintiffs and the Class members have suffered injury and are entitled to damages in an amount to be proven at trial.

///

///

## COUNT TWO

### (Negligent Misrepresentation)

51. Plaintiffs incorporate and reallege all allegations set forth in paragraphs 1 to 44.

52. Defendant stated in its privacy policy that it had reasonable physical, technical and procedural safeguards to protect consumers' personal information.

53. Defendant's representation was not true because unauthorized third parties accessed Defendant's data which contained personal, financial, and credit information of millions of consumers.

54. Defendant had no reasonable grounds to believe that it had reasonable safeguards to protect consumers' personal and credit information because it knew or should have known that its security system was inadequate.

55. Plaintiffs and Class members reasonably relied on Defendant's representation.

56. As a direct and proximate result of Defendant's negligent misrepresentation Plaintiffs and Class members have suffered injury and are entitled to damages in an amount to be proven at trial.

## COUNT THREE

### (Willful Violation of FCRA)

57. Plaintiffs incorporate and reallege all allegations set forth in paragraphs 1 to 44.

58. Plaintiffs and Class members are consumers entitled to protection of Fair Credit Reporting Act ("FCRA").

59. Defendant is a consumer reporting agency under the FCRA because for monetary fees it regularly engages in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties.

60. Under FCRA, Defendant is required to maintain reasonable procedures

designed to limit the furnishing of consumer reports to the purposes listed under section 1681b of the act.

61. Defendant willfully and recklessly failed to maintain reasonable procedures to limit the furnishing of consumer reports only for the purposes specified in section 1681b of the FCRA, and the personal and credit information of millions of consumers was disclosed to hackers who accessed Defendant's database.

62. Defendant willfully and recklessly violated the FCRA by providing impermissible access to consumer reports to unauthorized third parties and by failing to maintain reasonable procedures designed to limit the furnishing of consumer reports to the purposes outlined in section 1681b of the FCRA.

63. Defendant was aware of its duties under the FCRA however failed to maintain reasonable procedures to protect personal and credit information of millions of consumers.

64. Defendant's willful and reckless conduct provided a means for unauthorized intruders to obtain Plaintiffs' and Class members' personal information for no permissible purposes under the FCRA.

65. Plaintiffs and the Class members have been damaged by Defendant's willful or reckless failure to comply with the FCRA.

## COUNT FOUR
### (Negligent Violation of FCRA)

66. Plaintiffs incorporate and reallege all allegations set forth in paragraphs 1 to 44.

67. Plaintiffs and Class members are consumers entitled to protection of FCRA.

68. Defendant is a consumer reporting agency under the FCRA because for monetary fees it regularly engages in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties.

69. Defendant was negligent in failing to maintain reasonable procedures designed to limit the furnishing of consumer reports for the purposes outlined under section 1681b of the FCRA.

70. Defendant's negligent conduct provided a means for unauthorized intruder to obtain Plaintiffs' and the Class members' personal and credit information.

71. Plaintiffs and the Class members have been damaged by Defendant's negligent failure to comply with the FCRA.

## COUNT FIVE

### (Willful Violation of CCRAA)

72. Plaintiffs incorporate and reallege all allegations set forth in paragraphs 1 to 44.

73. Plaintiffs and Class members are consumers entitled to protection of Consumer Credit Reporting Agencies Act ("CCRAA").

74. Defendant is a consumer reporting agency under the CCRAA because for monetary fees it regularly engages in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties.

75. Under CCRAA, Defendant is required to maintain reasonable procedures designed to limit the furnishing of consumer reports to the purposes listed under section 1785.11 of the act.

76. Defendant willfully failed to maintain reasonable procedures to limit the furnishing of consumer reports only for the purposes specified under the section 1785.11 of CCRAA, and the personal and credit information of millions of consumers was disclosed to hackers who accessed Defendant's database.

77. Defendant willfully violated the CCRAA by providing impermissible access to consumer reports to unauthorized third parties and by failing to maintain reasonable procedures designed to limit the furnishing of consumer reports to the

purposes outlined in section 1785.11 of the CCRAA.

78. Defendant was aware of its duties under the CCRAA however failed to maintain reasonable procedures to protect personal and credit information of millions of consumers.

79. Defendant's willful conduct provided a means for unauthorized intruders to obtain Plaintiffs' and Class members' personal information for no permissible purposes under the CCRAA.

80. Plaintiffs and the Class members have been damaged by Defendant's willful or reckless failure to comply with the CCRAA.

## COUNT SIX

### (Negligent Violation of CCRAA)

81. Plaintiffs incorporate and reallege all allegations set forth in paragraphs 1 to 44.

82. Plaintiffs and Class members are consumers entitled to protection CCRAA.

83. Defendant is a consumer reporting agency under the CCRAA because for monetary fees it regularly engages in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties.

84. Defendant was negligent in failing to maintain reasonable procedures designed to limit the furnishing of consumer reports for the purposes outlined under section 1785.11 of the CCRAA.

85. Defendant's negligent conduct provided a means for unauthorized intruder to obtain Plaintiffs' and the Class members' personal and credit information.

86. Plaintiffs and the Class members have been damaged by Defendant's negligent failure to comply with the CCRAA.

///

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, respectfully request that the Court enter judgment in their favor as follows:

1. Certifying the Class under Fed. R. Civ. P. 23 and appointing Plaintiffs and their counsel to represent the class;
2. Awarding Plaintiffs and the Class monetary damages as allowable by law;
3. Awarding Plaintiffs and the Class appropriate equitable relief;
4. Awarding attorneys' fees, costs and litigation expenses, as allowable by law;
5. Awarding punitive damages as allowable by law;
6. Awarding all such further relief as allowable by law.

# JURY TRIAL DEMANDED

Plaintiffs, on behalf of themselves and the Class, demand a trial by jury on all triable issues.

DATED: September 10, 2017         **KAASS LAW**

By: /s/ Armen Kiramijyan
Armen Kiramijyan, Esq.
Lead Attorney for Plaintiffs


Hovsep Hovsepyan, Esq.
Attorney for Plaintiffs

12
COMPLAINT